IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary,<br>United States Department of Labor,<br><br>United States Attorney's Office<br>for the District of Columbia<br>555 Fourth Street, NW<br>Washington, DC 20530<br><br>                Plaintiff,<br><br>   v.<br><br>AMALGAMATED TRANSIT UNION<br>LOCAL 1700,<br>5025 Wisconsin Ave., NW<br>Washington, DC  20016-4139<br><br><br>   Serve:<br>   Mr. Sesil W. Rubain, Secretary/Treasurer<br>   5025 Wisconsin Ave., NW<br>   Washington, DC 20016-4139<br><br>                Defendant. | Civil Action No.: 14-1268 |

COMPLAINT

Plaintiff Thomas E. Perez, Secretary, United States Department of Labor (the "Secretary" or "Plaintiff"), alleges as follows:

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the election of union officers completed on January 7, 2014, conducted by Amalgamated Transit Union Local 1700 ("Defendant") for the offices of President and Alternate Delegates, is void and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and

1

for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in the district 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Thomas E. Perez is the duly appointed Secretary of the United States Department of Labor. Plaintiff is authorized to bring this action under Section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. At all relevant times, Defendant is and has been an unincorporated association residing in Washington, District of Columbia, within the jurisdiction of this district.

## PROCEDURAL HISTORY

6. At all relevant times, Defendant is and has been a local labor organization engaged in an industry affecting commerce within the meaning of Sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant, purporting to act pursuant to its Bylaws and the Constitution and General Laws of the Amalgamated Transit Union (International), conducted an election of officers that was completed on January 7, 2014. This election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By an undated letter to the Defendant's Financial Secretary-Treasurer, received by facsimile on December 4, 2013, the complainant, Mr. Johnny Norris, a member in good standing of Defendant, protested actions taken by the Defendant in the conduct of the election.

9. Having invoked the remedies available to him and having waited three calendar months without receiving a final decision, Norris filed a timely complaint with the United States Secretary of Labor on March 11, 2014, as permitted by Section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

10. Pursuant to Section 601 of the Act (29 U.S.C. § 521), and in accordance with Section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's election of union officers completed on January 7, 2014; and (2) such violation had not been remedied at the time of the institution of this action.

## FACTUAL ALLEGATIONS

11. On November 8, 2013, Defendant, via its contractor, mailed ballot packages to eligible members.

12. One hundred eighty-one of these ballot packages were returned as undeliverable. Of these 181 ballots, 48 packages were returned with labels affixed to them by the United States Postal Service, which included new forwarding addresses. Defendant did not resend ballots to the addresses provided or take any other steps to correct the mailing addresses for these members.

13. While some of these members called Defendant and requested a duplicate ballot, 35 eligible members for whom Defendant had an address updated by the United States Postal Service did not receive ballots. These 35 eligible members may have received ballots had Defendant mailed ballots to the addresses provided by the United States Postal Service.

14. The successful candidate for President won the election by 26 votes.

15. There is a mathematical possibility that the 35 ballots may have had an effect on the race for President.

16. Alternate Delegates are ranked by the number of votes received and the candidate with the most number votes ranked first. The order in which the Alternate Delegates finished or ranked determines the order in which they would be called to serve.

17. The smallest margin between candidates for the six ranked Alternate Delegate positions was 13.

18. There is a mathematical possibility that the 35 ballots may have had an effect on the race for Alternate Delegates and the order of their ranking.

## TIMELINESS OF LAWSUIT

19. By letter signed May 12, 2014, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to June 21, 2014.

20. By letter signed June 5, 2014, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to July 11, 2014.

21. By letter signed July 1, 2014, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to July 25, 2014.

FIRST CAUSE OF ACTION

22. Plaintiff incorporates the allegations set forth in Paragraphs 1-21 as if fully set forth herein.

23. Defendant violated Section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by denying members in good standing the right to vote, in that members whose ballots were returned undeliverable with forwarding addresses affixed by the United States Postal Service were not mailed ballots at these corrected addresses.

24. The violation of Section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the Defendant's election for the offices of President and Alternate Delegates.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) Declaring the Defendant's election for the offices of President and Alternate Delegates to be void;

(b) Directing the Defendant to conduct a new election for the offices of President and Alternate Delegates under the supervision of the Plaintiff;

(c) For the costs of this action; and

(d) For such other relief as may be appropriate.

Date: July 25, 2014                                  Respectfully submitted,

                                                     STUART F. DELERY
                                                     Assistant Attorney General

                                                     RONALD C. MACHEN JR.
                                                     D.C. BAR # 447889
                                                     United States Attorney

                                                     DANIEL F. VAN HORN
                                                     D.C. BAR # 924092
                                                     Chief, Civil Division

By:  \_\_\_\_//s//_____
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2525
Fax: (202) 252-2599
E-mail: John.Truong@usdoj.gov

Counsel for Plaintiff

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

CLINTON WOLCOTT
Counsel for Legal Advice

ADAM R. PULVER
Attorney

U.S. Department of Labor