# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS E. PEREZ,<br>　　　　Plaintiff,<br><br>　　v.<br><br>AMALGAMATED TRANSIT<br>UNION LOCAL 1700,<br>　　　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 14-1268 (APM)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND ORDER OF SETTLEMENT

WHEREAS on March 30, 2016, this Court concluded that defendant Amalgamated Transit Union Local 1700 ("Defendant" or "Local 1700") violated section 401(e) of the Labor-Management Reporting and Disclosure Act of 1959, as amended ("the Act"), 29 U.S.C. § 481(e), by failing to take reasonable steps to insure certain eligible members received ballots in connection with an election conducted in November and December 2013 ("the 2013 election"), and that such conduct may have affected the outcome of the 2013 election as it relates to the positions of President and Alternate Delegate ("Affected Positions");

WHEREAS, this Court has further held that in light of its findings, the statutory remedy is to declare the 2013 Election as to the Affected Positions void and direct a new election;

WHEREAS, this Court has ordered the Secretary of Labor Thomas E. Perez ("the Secretary") and Local 1700 (together, "the Parties") to submit further briefing on the appropriate remedy or mutually agree to a resolution;

WHEREAS, the parties are interested in avoiding further legal costs and disputes and in fully and expeditiously resolving all claims, including Local 1700 waiving all appeal rights, it is

hereby stipulated between the Parties, by and through their undersigned counsel, to the settlement of this action as follows:

1. In accordance with 29 U.S.C. § 402(a), the individuals in the Affected Positions may continue to conduct the affairs of Local 1700 until a new election is completed.

2. In accordance with 29 U.S.C. § 402(c), Local 1700 shall conduct, under the supervision of the Secretary, a new election (the "Supervised Election") for the Affected Positions which will be concluded on or before December 30, 2016, for a term of office of three years.  Local 1700 agrees that, because the Supervised Election will coincide with its regularly scheduled triennial election for all Local 1700 Executive Board positions occurring in and around November 2016 ("2016 Election"), the entire 2016 Election will be conducted under the supervision of the Secretary.

3. The Parties agree that the Supervised Election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-484, and, insofar as lawful and practicable and except as provided in this Stipulation, in accordance with the ATU Constitution and the bylaws of Local 1700.

4. All decisions as to the interpretation or application of Title IV of the Act and the constitution of the ATU and the bylaws of Local 1700 relating to the Supervised Election are to be determined by the Secretary, and his decisions shall be final and binding, subject to review on petition to the Court.

5. The parties request that the Court retain jurisdiction of this action.  After completion of the Supervised Election, the Secretary shall certify to the Court the names of the persons so elected, that such election was conducted in accordance with Title IV of the Act, and, insofar as lawful and practicable, that the election was conducted in accordance with the ATU Constitution and Local 1700 bylaws.  Upon the Court's receipt and approval of such

certification, the parties request that the Court enter judgment declaring that such persons have been elected to serve as duly elected officers, as shown by such certification, and then close the case, pursuant to 29 U.S.C. § 482(c).

6. Nothing in this Stipulation shall limit the Secretary's authority under the Act to conduct the Supervised Election.

7. The Secretary and Local 1700 each agree to bear his/its own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

8. It is contemplated that the Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

9. This Stipulation addresses all issues that have been or may be raised with respect to the 2013 Election under Title IV of the Act.

Date:  April 7, 2016

    CHANNING D. PHILLIPS
    D.C. BAR #415793
    United States Attorney

    DANIEL F. VAN HORN
    D.C. BAR # 924092
    Chief, Civil Division

By:   /s/ Adam R. Pulver
    ADAM R. PULVER
    D.C. BAR #1020475
    Special Assistant United States Attorney
    U.S. Department of Labor
    200 Constitution Ave., NW, N-2474
    Washington, DC 20210
    Tel.:  (202) 293-5305
    Fax:  (202) 293-4315
    E-mail:  Pulver.Adam.R@dol.gov

    JOHN C. TRUONG
    D.C. BAR #465901

Date:  April 7, 2016

    JACOBS BURNS ORLOVE &
    HERNANDEZ

By:   /s/ Edward R. Gale
    WILLIAM W. LEATHEM (*pro hac vice*)
    EDWARD R. GALE (*pro hac vice*)
    150 North Michigan Avenue, Suite 1000
    Chicago, IL 60601
    Tel: (312) 372-1646
    Fax: (312) 580-7175
    E-mail: wleathem@jbosh.com
    egale@jbosh.com

    JEFFREY R. FREUND
    D.C. BAR # 163881
    JACOB R. KARABELL
    D.C. BAR # 996066
    BREDHOFF & KAISER, P.L.L.C.
    805 15th Street N.W., Suite 1000
    Washington, DC 20005
    Tel: (202) 842-2600

Assistant United States Attorney  
555 4th Street, NW  
Washington, DC 20530  
Tel: (202) 252-2524  
Fax: (202) 252-2599  
E-mail: John.Truong@usdoj.gov  

*Attorneys for Plaintiff Thomas E. Perez*

Fax: (202) 842-1888  
E-mail: jfreund@bredhoff.com  
       jkarabell@bredhoff.com  

*Attorneys for Defendant Local 1700*

SO ORDERED:

_____  
HON. AMIT P. MEHTA  
UNITED STATES DISTRICT JUDGE  

Date:

- 4 -